## COLLEGE SILK THROWING CO. v. AMERICAN CREDIT INDEMNITY CO. OF NEW YORK.

### No. 4288.

Circuit Court of Appeals, Third Circuit.
Aug. 21, 1930.

F. M. P. Pearse, of Newark, N. J., for appellant.

Walter J. Rosston, of New York City, for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

The plaintiff, a New Jersey corporation, brought an action at law against the defendant, a New York corporation, on a policy of credit insurance, issued May 26, 1927, to the plaintiff to protect it against losses sustained through the insolvency of customers on sales of silk between May 1, 1927, and May 30, 1928. The losses alleged to have been sustained aggregated $23,602.75. The case was tried by the court and a jury, and a verdict was rendered for the defendants, on which judgment was directed to be entered, whereupon this appeal was taken.

The policy of insurance in question guaranteed the College Silk Throwing Company against losses not exceeding $28,766.25 due to the insolvency of persons to whom it sold goods between May 1, 1927, and April 30, 1928. The material part of the policy provides, as follows:

"False warranty, misrepresentation, concealment, or fraud in obtaining this or any policy of credit indemnity heretofore issued by the company to the indemnified, or in any notification of claim or statement of claim filed under this or any other policy, or in the proof or adjustment of any claim for loss under this or any other policy, shall void this policy from its beginning and the premium paid shall be forfeited to the company."

On December 30, 1927, the plaintiff filed with the defendant a preliminary statement of claim in the amount of $4,056.96, representing that the debtors are not entitled to any credit or set-off against this amount, and on December 19, 1927, the plaintiff filed with the defendant a notification in writing of the alleged loss of $4,056.96 claimed to have been sustained by the plaintiff by reason of the bankruptcy of the Franklin Silk Mills of Patterson, N. J., on December 19, 1927,

which amount plaintiff in its notification stated was then due from the Franklin Silk Mills without any guaranty or security for the indebtedness held by the plaintiff for silk sold and delivered by the plaintiff to the Franklin Silk Mills. Prior to the filing of the notification of claim, the plaintiff had received, or had returned to it, from the Franklin Silk Mills, a large quantity of merchandise, valued at $1,700.

The defendant contends that the plaintiff was guilty of misrepresentation, concealment, and fraud in presenting its notification of claim of $4,056.96 in which it stated the plaintiff had no guaranty or security, and concealed from the defendant the fact that the plaintiff had received on this claim of $4,056.96 a large quantity of merchandise from the Franklin Silk Mills, and for this fraud the defendant further contends that the policy became void from the beginning, and the plaintiff cannot recover any amount in this suit.

The plaintiff contends that the guaranty or security referred to in the policy of insurance relates to a written guaranty and security and not to a case where goods have been returned, and therefore the defense of misrepresentation, concealment, or fraud in the failure to state the return of merchandise should have been stricken out as a defense. The plaintiff further contends that, if there were misrepresentations, concealment, and fraud in the statement of claim, it would not void the policy with respect to the other items of claim.

Under the policy of insurance, if there were any misrepresentations, concealment, or fraud in the statement of claim, the whole policy became void from the beginning, and the plaintiff could not recover any sum under the policy. Therefore, under the pleadings and the evidence in this case, the only question of fact was whether there were misrepresentation, concealment, and fraud in the making of the plaintiff's statement of claim, and this, under all the evidence, was a question of fact for the jury.

The plaintiff did receive from the Franklin Silk Mills a large quantity of merchandise of the value of $1,700, but in the preliminary statement of claim the plaintiff made no deduction or set-off for this amount of merchandise returned, nor did it make any reference to the same, or deduction in the later statement of claim. This merchandise returned may be considered a guaranty or security for at least part of the claim against

the Franklin Silk Mills, and it became a question of fact for the jury to determine whether the failure to state this fact in the statement of claim amounted to misrepresentation, concealment, or fraud under the policy of insurance, and the court below was correct in refusing to strike out this defense as a matter of law.

The important question arises from the assignment of error to the charge of the court on the weight of the evidence necessary to sustain the defense of fraud. The learned District Judge, among other things, charged as follows:

"One term of the contract says: 'False warranty, misrepresentation, concealment or fraud, in any notification of claim or statement of claim under this or any other policy shall void this policy from its beginning.'

"That, gentlemen, is the principal issue for you to consider in this case.

"The defendant has set it up by way of defense and therefore must show it by the preponderance of the evidence; that there was misrepresentation, concealment, or fraud.

"'Preponderance' is not a fancy word; it simply means 'Superiority in weight, influence, or force.'"

The court instructed the jury that the defense of misrepresentation, concealment, or fraud must be shown by a preponderance of the evidence; in this the court was in error. This defense must be established by a preponderance of clear and satisfactory evidence. The defense must be established, not only by a preponderance of evidence, but by a preponderance of evidence that is clear and satisfactory.

In Suravitz v. Prudential Insurance Company of America, 261 Pa. 390, 104 A. 754, it is held that fraud must be established by a preponderance of evidence that is clear and satisfactory. In Williams v. Penn Mutual Life Insurance Company (C. C. A.) 27 F.(2d) pages 1, 3, it was said that "fraud is never presumed, and the burden was on appellant to prove it with reasonable certainty by a preponderance of convincing evidence."

For failure to instruct the jury that the defense of fraud must be established by a preponderance of evidence that is clear and satisfactory, a new trial must be awarded. The judgment of the District Court is reversed, and the case is remanded for a new trial in accordance with this opinion.

Reversed.