## NEW YORK LIFE INS. CO. v. MAROTTA et al.

### No. 4692.

Circuit Court of Appeals, Third Circuit.

April 11, 1932.

Lindabury, Depue & Faulks, of Newark, N. J. (Burtis S. Horner, of Newark, N. J., and Mahlon M. Meier, of Glen Ridge, N. J., of counsel), for appellant.

Blanchard & Carey, of Newark, N. J. (Robert Carey, Jr., of Newark, N. J., of counsel), for appellees.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

This suit was brought as an action at law to recover the proceeds of two policies of life insurance issued by the defendant company to one Andrea Marotta, now deceased. Each policy insured the life of Marotta in the sum of $5,000. In one of the policies, Louise Marotta, the daughter of the insured, and in the other, Carmela Marotta, the wife of the insured, is named as beneficiary.

The statement sets forth the issuance of the policies, the death of Marotta, the proof of death, notice thereof to the defendant, demand for payment, and refusal of the demand. The answer to the action on each policy admitted the issuance of the policy, the death of Marotta, the notice of his death, and demand by plaintiffs for payment. It is denied, however, that plaintiffs were entitled to the proceeds of the policies, and alleged that each policy was issued upon a written application duly filled out and signed by the insured; that, as a part of the application, Marotta was asked, and required to answer fully, certain questions, among others, whether he had ever consulted a physician, or suffered from any ailment or disease of the brain or nervous system, the heart, blood vessels, lungs, and other designated parts of the body. One of the inquiries was whether he had ever had rheumatism or gout. To all of these questions he answered "No." As to whether he had ever consulted a physician for any ailment or disease not included in the above answers, he replied, "No." As to whether he had consulted or been examined or treated by a physician within the past five years, he replied: "Dr. Simmons, Prospect Street, Maplewood, New Jersey, in March 1929, one visit."

Defendant alleged that a number of these answers were false, and known by the applicant to be false, at the time they were made. The defendant also set up equitable defenses to each of the counts, alleging the discovery by the defendant, that the insured's answers contained in his application were false and fraudulent, and asked for rescission of the policies, notice thereof being given to the beneficiaries and executors under the insured's will, together with tender of premiums paid on the policies, and demanding that the policies be surrendered for cancellation. It will thus be seen that the defense was both legal and equitable, and upon these two defenses it had a right to be heard. No application was made prior to the trial to transfer the equitable defenses to the equitable side of the court. The court,

at the time the order adding the executors as parties to the equitable defenses was entered, had stated to defendant's counsel that defendant's remedy at law was adequate, and that the case would have to be tried as an action at law, at least in the first instance. The allegations of fraud set up in its answer to the plaintiff's complaint were identical with the allegations of fraud set up in the equitable defenses. There is a clearly marked difference in the elements of proof necessary to support fraud as a defense to an action at law, and fraud as a ground for the equitable relief of rescission and cancellation. This distinction the court did not appear to recognize. No misrepresentation is fraudulent at law, unless it is made with actual knowledge of its falsity, or under such circumstances that the law must necessarily impute such knowledge to the party, at the time when he makes it; but the courts have clearly and repeatedly recognized that there may be actual fraud in equity, without any feature of moral culpability.

The person making an untrue statement without knowing or believing it to be untrue, and without any intent to deceive, may be chargeable with actual fraud in equity. Of course, whatever would be fraudulent at law is fraudulent in equity; but the equitable doctrine goes further, and includes instances of fraudulent misrepresentation which do not exist at law. At law there must be a showing, not only of the falsity of the allegation, but also knowledge by the applicant of such falsity. As a general rule, courts of equity may grant relief by way of rescission, abatement, or otherwise, although no fraudulent intent on the part of the person making the representation is shown, and even though he may be honestly misled as a result of misapprehension or mistake. All that need be shown in such case is that the representations were false, and actually misled the person to whom they were made. A very large number of cases sustaining these distinctions are set forth in the appellant's brief, and need not be cited here. These authorities sustain the distinction which exists between fraud at law and fraud in equity so clearly as to remove the question beyond the domain of controversy. While it pretty clearly appears from the record that a number of the material questions answered by the applicant were untrue, under all the circumstances, there being a conflict of evidence, we think the court was right in submitting the question to the jury as to the existence or nonexistence of legal fraud; particularly as to whether or not the ap-

plicant was suffering from, and had been treated for, gout, and, if so, whether he had knowledge of the fact that he was treated for that disease. But that is only a portion of the case. Either prior to the submission of the case to the jury, or afterwards, under the pleadings, it was the duty of the court to find the facts upon which the equitable defenses were based, and, if the findings showed that the applicant's answers were untrue and material, it was the duty of the court to apply to those facts the equitable principle that such false representations were fraudulent, and entitled the defendant to a rescission of the policies, even though the applicant believed the answers to be true when he made them.

Apparently, not having the distinction in mind between legal and equitable fraud, the court entered an order dismissing the equitable defenses. The defendant was thus denied the benefit of the equitable defenses which it set up in its answer, and on which it was entitled to be heard.

The judgment in the action at law is affirmed. The order dismissing the equitable defenses is reversed.