## BANKERS' LIFE CO. v. GUZAN et ux.
### No. 2510.

District Court, W. D. Pennsylvania.

Nov. 9, 1932.

William H. Eckert and Smith, Buchanan, Scott & Gordon, all of Pittsburgh, Pa., for plaintiff.

Karl E. Weise, of Pittsburgh, Pa., and Richard A. McConnel, of Ambridge, Pa., for defendants.

SCHOONMAKER, District Judge.

This is a bill in equity, in which the plaintiff is seeking to cancel a life insurance policy issued to the defendant William Guzan, in which his wife, Eva Guzan, is the beneficiary. The case was heard on bill, answer, and proofs. From these we make and find the following findings of fact and conclusions of law:

## Findings of Fact.

(1) The plaintiff is an Iowa insurance company, engaged in the life insurance business.

(2) The defendants are residents and citizens of the commonwealth of Pennsylvania, in the Western District thereof.

(3) The amount in controversy in this case exceeds the sum of $3,000, exclusive of interest and costs.

(4) On October 6, 1930, the plaintiff wrote its policy of life insurance 894459, with provisions for disability benefits in the sum of $5,000, on the life of William Guzan, the designated beneficiary therein being the defendant Eva Guzan (a true and correct copy of the policy is attached to the bill of complaint in this case).

(5) As a prerequisite and inducement to the issuance of said insurance policy, the defendant William Guzan on September 26, 1930, made and signed a written application for such insurance, a copy of which application is attached to and forms a part of the policy attached to the bill of complaint. The application provided in part as follows: "It is agreed that any policy, if issued hereon, shall be dated as of the day such policy is written and the Company shall incur no liability until this application has been received, approved and the policy issued thereon by the Company and delivered to me and paid for during my lifetime and good health."

(6) Said policy was delivered to said William Guzan on October 10, 1930.

(7) As a part of the aforesaid application, the said William Guzan, on September 30, 1930, made answer to the plaintiff's medical examiner to the questions contained in part II, and signed such application (a true and correct copy of said part II in said application is attached to the policy, Exhibit A accompanying the bill of complaint in this case). Among the questions asked by the said application and answered by the said William Guzan are the following questions, with the recorded answer of the said William Guzan:

"21. G. Have you consulted, been treated or attended by a physician or practitioner within five years? (Explain fully, giving names and addresses of attending physicians or practitioners.) No.

"27. G. Have you ever had * * * tubercular infection? No.

"I. Have you consulted a physician for any ailment or disease not included in your above answers? No."

(8) Said policy contains a provision making the same incontestable two years after date, except for the nonpayment of premiums.

(9) Said answers by William Guzan to the questions contained in the application for insurance above quoted were not true. On June 5, June 7, June 11, and June 26, 1930, Dr. Louis Weiss's diagnosis of the case was a chronic bronchitis, suspicious pulmonary tuberculosis, and chronic asthma. Guzan also consulted Dr. Harry M. Snyder on June 30, 1930, who diagnosed the case as probable asthma, finding that Guzan had asthma râles in his chest, some coughing, and shortness of breath. Guzan went back to consult Dr. Snyder again on the 10th day of July, 1930.

(10) Shortly after the policy of insurance was received by Guzan, he furnished a physician's statement to the plaintiff in connection with the disability claim under the policy. This physician's statement is signed by Dr. Herbert Fleming; it is Plaintiff's Exhibit 3. The statement discloses that the doctor's diagnosis of the case was acute pulmonary tuberculosis, that he first examined Guzan on the 15th of October, 1930, and that the day on which total disability was to begin was October 10, 1930, which was the date the policy in this case was actually delivered.

## Conclusions of Law.

(1) William Guzan was not in good health on October 10, 1930, the date the policy was delivered to him, and therefore the policy never went into effect.

(2) The policy was void, by reason of the false answers on the part of William Guzan to questions 21 G, 27 G, and 27 I, attached to part II of the application for insurance.

(3) The plaintiff is entitled to the relief prayed for in the bill of complaint. A decree may be submitted accordingly.

## Discussion.

 The first question raised in this case was one of jurisdiction. The defendant objected to the jurisdiction in equity in this case, but, by reason of the clause in the policy making it incontestable after two years, we have no doubt that we have jurisdiction in this case in equity. Keystone Dairy Co. v. N. Y. Life Ins. Co. (C. C. A.) 19 F.(2d) 68.

 The next question presented is whether or not the policy of insurance in this case ever went into effect. We cannot see how it did, because the defendant William Guzan made application for total disability benefits on the

policy in October, and his attending physician, who submitted the physician's statement in connection with his total disability claim, certifies total disability began as early as October 10, 1930, the date the policy was delivered.

We conclude, therefore, that Guzan was not in good health on the date the policy was delivered, and that is a condition precedent to the policy going into force; the policy should be canceled and delivered to the plaintiff.

■ The next question is one of false answers to the interrogatories contained in the application with reference to consultation with his physician. If these answers were false, we have presented a case where equity will recognize the actual fraud, even though there were no features of moral culpability. The Circuit Court of Appeals for this Circuit has held that equity may grant relief by abatement, or otherwise, although no fraudulent intent appears, and even though party was honestly misled. New York Life Insurance Co. v. Marotta, 57 F.(2d) 1038.

A decree may be submitted, as prayed for in the bill of complaint.