**NEW YORK LIFE INS. CO. v. KWETKAUSKAS.**

No. 4918.

Circuit Court of Appeals, Third Circuit.

March 3, 1933.

Arthur G. Dickson, of Philadelphia, Pa. (Louis H. Cooke, of New York City, of counsel), for appellant.

Horace M. Schell, of Philadelphia, Pa., M. A. Kilker and Cyril C. Kilker, both of Girardville, Pa., and Charles Staudenmeier, of Ashland, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an action of assumpsit brought by Mary Kwetkauskas to recover as the beneficiary the face value of two policies of insurance upon the life of her husband, William, now deceased. The defendant company avers in its affidavit of defense that the insured made false and fraudulent answers, material to the risk, to the questions put to him in the application for the insurance, both as to his medical history and the amount of insurance which he owned or for which he had applied. The case was tried to the court and a jury. The defendant requested the trial court to give binding instructions to the jury to return a verdict for the defendant. The court refused, and the jury brought in a verdict for the plaintiff. The defendant appealed to this court on the ground that the trial judge erred in refusing to instruct the jury to return a verdict for it.

The application signed by the insured is divided into two parts. Part I relates to the personal history of the applicant; the kind and amount of policy for which he applied. Part II relates to the medical examination of the applicant. That the insured himself did not answer the questions in part I of the application is established by the verdict of the jury. The fact is that the soliciting agent of the defendant company obtained the signature of the insured to the blank application without having the insured answer the

questions. The agent supplied the answers from the information in an old policy of the insured. In part II the question, "Have you consulted a physician for or suffered from an ailment or disease of the eyes," was answered, "No." This was false. But the verdict of the jury established the fact that the answer was not fraudulent.

The defendant chiefly relies on the answer in the application to the question 6A of part II. The question and answer read: "6A. Have you now pending any other application for insurance on your life or for the reinstatement of insurance? 'Yes' or 'No.' No."

But it appears that there were four applications pending for insurance on the life of the insured.

The policies provide that in the absence of fraud all statements made by the insured therein shall be deemed representations and not warranties.

The defendant has established that the insured signed part II of the examination, and that the answer to question 6A was false. Its evidence goes no further. It failed to call the medical examiner, who conducted the examination and apparently entered the answers, as its witness to show under what circumstances and by whom the answers were made.

In rebuttal, the plaintiff showed that the insured was an illiterate man who could not read a newspaper, and was able to sign his name only. The insured did not answer the questions in part I, but signed the application in blank at the request of the defendant's agent.

It is true that an illiterate man may bind himself by contract by negligently failing to learn the contents of an instrument which he has executed. 1 Williston, Contracts, § 35, page 51. But that principle has no place here. The defendant set out to show that the insured obtained the policies of insurance by his false representations. It succeeded in showing that a material question was answered falsely. But the evidence does not show with any certainty that this untutored man understood or even answered the questions. Fraud is never presumed, and the burden is upon the defendant to show facts constituting fraud "by clear, cogent, convincing and certain proof." Equitable Life Assurance Soc. v. Dunn (C. C. A.) 61 F.(2d) 450, 452. This the defendant did not do.

Under the evidence, the learned trial judge could not have given binding instructions for the defendant, and so the judgment is affirmed.