**NORTHWESTERN MUT. LIFE INS. CO. v. GOTT.**

**No. 5842.**

Court of Appeals of the District of Columbia.

Argued Oct. 10, 1933.

Decided Dec. 11, 1933.

Paul F. Myers, of Washington, D. C., for appellant.

Leon Tobriner, B. U. Graham, and Walter N. Tobriner, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a judgment of the Supreme Court of the District of Columbia entered upon a verdict directed for the appellee in an action to recover upon a policy of life insurance.

In the lower court this case was consolidated and tried jointly with that of Florence H. West v. Northwestern Mutual Life Insurance Company, now on appeal to this court as No. 5843. 62 App. D. C. ——, 68 F.(2d) 428. The cases relate to two separate life insurance policies, hereinafter called, respectively, the first and second policies, issued by the appellant company upon the life of Sidney West, and various questions involved therein are common to both cases. Accordingly, the opinion of this court in case 5843, which is handed down herewith, should be read in connection with the present opinion.

In the instant case, it appears without dispute that on February 9, 1927, the appellant, the Northwestern Mutual Life Insurance Company, a corporation, hereinafter called the company, issued the second of two several policies of insurance upon the life of Sidney West, a resident of the District of Columbia, in the amount of $25,000, payable to his executors, administrators, or assigns, and that subsequently, to wit, on February 21, 1927, this appointment was changed by the insured and the policy made payable to the appellee, Eugene Cissel Gott, his executors, administrators, or assigns. On August 9, 1927, the insured departed this life, and the beneficiary filed proof of his death and claimed payment under the policy.

The company refused to make such payment on the ground that the insured had made certain representations relating to his physical history and the condition of his health in his application for the insurance, which were alleged by the company to be untrue, and known by him to be untrue when made; that these representations were material to the risk; that the company relied upon them, and was thereby induced to issue the insurance policy in question.

The several questions and answers thus referred to read as follows:

"Q. Give below all illnesses, diseases, or accidents you have had during the past five years, with names of the physicians or attendants. If none, so state. A. None.

"Q. Do you contemplate, for any reason, either a temporary or permanent change of residence or a trip beyond the limits of the mainland of the U.S.A.? A. None, except pleasure trip to Europe in about 6 weeks.

"Q. Are you in good health? If not, give particulars. A. Yes.

"Q. When were you last confined to the house by illness? For what? Duration and nature? A. 1918. Hemorrhoids. Good recovery.

"Q. Have you had since childhood any of the following diseases or symptoms? Give below full particulars, including number of attacks, date, duration, and result of each: Dizzy spells, unconsciousness, fits, epilepsy, apoplexy, mental derangement, and/or disease of the brain or nervous system. A. No.

"Q. Have you had since childhood any of the following diseases or symptoms? Give below full particulars, including number of attacks, date, duration and result of each: High blood pressure, disease of heart or blood vessels, enlarged veins, anemia, or other disease of the blood. A. No."

It is alleged by the company that the foregoing statements made by the insured were untrue in this, that the insured had suffered at divers times preceding the making of the application from heart disease, disease of the nervous system, and other serious ailments, as was then and there known to him.

Issue was joined in the case, trial was had to the jury, and at the close of the evidence the court directed the jury to return a verdict for the plaintiff for the full amount of the policy. Motion for a new trial was filed by the company which was overruled, and judgment was entered for the plaintiff. The present appeal was then taken.

It will be seen by reference to the opinion of the court in case No. 5843, supra, that, when West applied to the company for the first policy upon his life, he was examined by the company's medical examiners, and various questions, including those above copied, were asked him concerning his physical history and his condition of health, and these questions and answers were reduced to writing and made part of the first policy as then issued.

When the insured afterwards applied to the company for the second policy upon his life, being the policy now in question, the company did not require a second examination as to his physical condition, but accepted and adopted the examination and statements of West which were part of the first policy.

The present policy was thereupon issued containing, among other things, the following provision: "This policy is issued by the company and accepted by the parties in interest subject to the provisions stated on the consecutively numbered pages hereof which are hereby made a part of this contract."

The "consecutively numbered pages" thus referred to included the written application of West for the second policy, a copy of the medical examination of West, and his answers to questions accompanying his application for the first policy, and also a written certificate signed by West as follows:

"I hereby certify that no negotiation for other insurance is now pending or contemplated, and that no insurance has been issued upon my life, nor have I applied to any company or society for insurance, since last examined for insurance in this company; that I have not been sick, nor sustained any bodily injury, nor consulted or been prescribed for by any physician or other person, since I was last examined for insurance in this company, and that I am in good health at this time, except as follows: (State fully all exceptions). No exceptions. I understand and agree that no liability on account of this certificate exists on the part of the company until said company, at its home office, approves the same.

"[Signed]    Sidney West."

At the conclusion of the testimony the lower court directed the jury as follows:

"A very different question has arisen in the Gott case. Under the laws of the District of Columbia, every insurance policy must have attached to it the application for insurance; and the statute provides that, unless that application be attached to the policy, no defense can be made on account of any false representation made in the application.

"Now in this Gott case—or there was first in the West Case, the application for insurance and as a part of that were certain statements which are the basis of this suit. When Sidney West applied for the other policy, he made an application, but there was no accompanying statement, such as in the West Case. The insurance company, however, as a part of the policy, attached to policy a copy of that portion of the application in the West policy—in Mrs. West's policy—which was not a part of the application for the second policy.

"And, therefore, in my opinion, the insurance company cannot defend in the Gott policy on account of any misstatements or misrepresentations made in the application for the first policy of $20,000.

"So in that case, the Gott case, I instruct you to return a verdict in favor of the plaintiff in the sum of $25,000 with interest from August 16, 1927."

This ruling was based upon section 657 of the Code of the District of Columbia (D. C. Code 1929, T. 5, § 183), which reads as follows: "Each life insurance company, benefit order and association doing a life insurance business in the District of Columbia shall deliver with each policy issued by it a copy of the application made by the insured so that the whole contract may appear in said application and policy, in default of which no defense shall be allowed to such policy on account of anything contained in, or omitted from, such application."

The decision of the lower court in effect was that there had been no medical examination or accompanying statements made by West when applying for the second policy (the present one), and that no defense could be allowed to the present policy because of any misrepresentations made in the application for the first policy.

It may be noted, however, that the medical examination of West, including the questions and answers relating to his physical history and condition of health, which accompanied the application for the first policy, took place on January 28, 1927. The application for the second policy was made on February 7, 1927, about ten days later, and was accompanied by the certificate wherein West stated that he had not been sick, nor sustained any bodily injuries, nor been prescribed for by any physician or other person since he was last examined for insurance in the company, and that he was in good health at the date of the certificate. This certificate unmistakably implied that the prior medical examination and statements of West were to be adopted as part of the application for the second policy.

Moreover, the medical report accompanying the former application, including the questions and answers concerning West's physical history and state of health, and the certificate just mentioned, were attached to the present policy, and were referred to therein as part of the contract of insurance. The policy, inclusive of the attached papers, was delivered to West and accepted by him as the contract of insurance entered into by the parties at the time, and Gott accepted the policy subject to the same terms and conditions as obtained prior to the substitution. It is to be presumed that both West and Gott fully understood the terms of the policy and intended to be bound by them.

We think, therefore, that the representations in question became a part of the second policy, and accordingly satisfied the statutory requirement that the company "shall deliver with each policy issued by it a copy of the application made by the insured so that the whole contract may appear in said application and policy." See Washington Fidelity National Insurance Co. v. Burton, 287 U. S. 97, 53 S. Ct. 26, 77 L. Ed. 196.

Therefore the company was entitled to defend on the ground of alleged fraudulent representations contained in the first application the same as if such examination had been made to accompany the present policy. The judgment of the lower court is reversed, with costs, and the cause is remanded to that court for further proceedings not inconsistent herewith.

VAN ORSDEL, Associate Justice, dissents.