## WEINTROB v. NEW YORK LIFE INS. CO.*
### No. 5824.

Circuit Court of Appeals, Third Circuit.
Feb. 5, 1936.

On Petition for Rehearing July 14, 1936.

Walter Hanstein and Thompson & Hanstein, all of Atlantic City, N. J., for appellant.

Alfred E. Driscoll and Starr, Summerill & Lloyd, all of Camden, N. J., for appellee.

Before DAVIS and THOMPSON, Circuit Judges, and FAKE, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the District of

New Jersey. The appellant brought an action at law to recover as beneficiary upon a policy insuring the life of her husband. The appellee defended on the ground that the assured had procured the policy through fraud, in that he answered certain questions falsely for the purpose of perpetrating a fraud upon the appellee with full knowledge that the answers were false and fraudulent. At the trial, the court directed a verdict for the appellee. On the appellant's main case, the proof and admissions established that the policy was issued May 11, 1928; that the appellant was the beneficiary; that the assured died January 31, 1929; that the premiums were paid; that the proper proofs of death were filed; and that the appellee refused to pay the amount of the policy. The appellee in its defense offered a copy of the application which contained the following questions and answers:

"8. Have you consulted a physician for or suffered from any ailment or disease of — 'Yes' or 'No'

"A. The Brain or Nervous System? — No
"B. The Heart, Blood Vessels or Lungs? — No
"C. The Stomach or Intestines, Liver, Kidneys or Bladder? — No
"D. The Skin, Middle Ear or Eyes? — No
"9. Have you had Rheumatism, Gout or Syphilis? — No
"10. Have you consulted a physician for any ailment or disease not included in your above answers? — No
"11. What physician or physicians, if any, not named above, have you consulted or been examined or treated by within the past five years? — None"

The appellee offered evidence tending to show that the assured had, in fact, been treated by a physician for a heart condition. The physician's testimony was shaken on cross-examination and contradicted by the appellant's witnesses, although the appellant, by her own testimony in rebuttal, established the fact that the assured had been treated by a physician in the year 1926, which was within the five-year period covered by question 11 of the application. The appellee contends that this is sufficient to justify the direction of a verdict for it. The appellant relies upon the clause of the policy which provides: "The Policy and the application therefor, copy of which is attached hereto, constitute the entire contract. All statements made by the Insured shall, in absence of fraud, be deemed representations and not warranties, and no statement shall avoid the Policy or be used in defense to a claim under it, unless it is contained in the written ap-

* Writ of certiorari denied 57 S. Ct. 191, 81 L. Ed. —.

plication and a copy of the application is indorsed upon or attached to this Policy when issued."

In view of the provision that statements made by the assured are to be deemed representations and not warranties, it was important to determine whether the answer regarding attendance by physicians within five years prior to the application, though admittedly false, was intentionally so and meant to mislead. On the distinction between representations and warranties, see Northwestern Mut. Life Ins. Co. v. West, 62 App.D.C. 381, 68 F.(2d) 428; Zogg v. Bankers' Life Co. of Des Moines, Iowa, 62 F.(2d) 575 (C.C.A.4); McClain v. Provident Sav. Life Assur. Soc. of New York, 110 F. 80 (C.C.A.3). It may well have been that the assured, almost a year after treatment by a physician for what he thought was an attack of indigestion, might have forgotten the episode. There were sufficient controverted facts as to the intentional falsity of the answer to question 11 to present an issue for the jury. It is fundamental that a verdict may not be directed for a defendant on testimony presented by the defendant and substantially controverted by that presented on behalf of the plaintiff.

The judgment is reversed with a venire de novo.

### On Petition for Rehearing.

This case comes before us upon petition of the appellee, defendant below, for the rehearing of a decision of this court filed February 5, 1936. The petitioner contends that under the law of New Jersey a policy of life insurance is voided upon proof that there was a misrepresentation in a material matter and that this court erred when it held that the misrepresentation must be not only in a material matter but must have been intentionally made by the assured. As we read the New Jersey cases cited by the petitioner the rule at law differs from that in equity, for whereas in equity an untruthful representation of a material fact is deemed fraudulent, at law an untruthful representation is not fraudulent unless made with the intention to defraud. The instant case was one brought at law and the rule prevailing in law actions is applicable. Many of the cases cited by the petitioner are equity cases, and therefore not controlling. Moreover, the facts in the cases cited by the petitioner were such that no fair-minded jury could reasonably reach any conclusion other than that the assured had intentionally misrepresented a material fact. See Mutual Life Insurance Co. of N. Y. v. Hilton-Green, 241 U.S. 613, 36 S.Ct. 676, 60 L. Ed. 1202. The instant case, on the contrary, presented a genuine controversy. The jury could properly have determined that the assured suffered from an attack of indigestion, recovered within a two-day period, and forgot the incident at the time of his application for insurance, which was not made until two years after the illness. Had the jury so found, it would have been justified in returning a verdict for the appellant.

We adhere to our conclusion that the District Court erred in refusing to present the issue of intention to the jury and in directing a verdict for the appellee, and the order of reversal with a venire de novo will stand.