### ROUNTREE v. UNITED STATES.
### Civ. A. No. 463.

District Court, W. D. Louisiana, Shreveport Division.

April 24, 1943.

McClendon & Edmonds, of Jackson, Miss., and Milton Coverdale, Jr., of Monroe, La., for plaintiff.

Jared Y. Fontenot, Asst. U. S. Atty., of Shreveport, La., and Roy J. Goss, Atty., Department of Justice, of Jackson, Miss., for defendant.

PORTERIE, District Judge.

In action on war risk policy by the insured, claiming reinstatement after lapse, the defense by the Government was that the reinstatement had been procured by fraud. The question of equitable fraud, upon suggestion from the attorney for the Bureau of War Risk Litigation, was reserved by and for the court, pending submission of all other issues to the jury (the main one being that of legal fraud). The verdict was for the plaintiff and the court, upon motion made, has refused to disturb that verdict.

The question of equitable fraud was conceded to be one purely of law.

In the court's ruling refusing the motion of the Government for judgment notwithstanding the verdict of the jury, we said:

"* * * There was clearly an issue of fact for the jury, developed by occurrences and varying physical conditions and their accompanying symptoms, through the run of the years. There is much corroboration of the fact, by direct and circumstantial evidence, that in September, 1922, the soldier did not know, nor did anyone else know then, including private and government doctors, that he had heart trouble and was asthmatic. We believe he denied that in good faith; and, likewise, at the time of application for the second reinstatement. This man was not really in good shape when taken into the service; early minor symptoms were disregarded because insufficiently premonitory. No one is to be blamed for this, however. But, we should not be making conclusions from the facts; we should only decide whether an issue of fact existed, requiring the submission of the case to the jury. Undoubtedly there was. We are of the same opinion still; accordingly

"The motion for judgment notwithstanding the verdict of the jury—the Equitable Fraud, pleaded as a matter purely of law, not included—is overruled and denied."

The Government goes to the case of New York Life Ins. Co. v. Marotta et al., 3 Cir., 57 F.2d 1038, 1039, and gives us the following for consideration:

"* * * There is a clearly marked difference in the elements of proof necessary to support fraud as a defense to an action at law, and fraud as a ground for the equitable relief of rescission and cancellation. This distinction the court did not appear to recognize. No misrepresentation is fraudulent at law, unless it is made with actual knowledge of its falsity, or under such circumstances that the law must necessarily impute such knowledge to the party, at the time when he makes it; but the courts have clearly and repeatedly recognized that there may be actual fraud in equity, without any feature of moral culpability.

"The person making an untrue statement without knowing or believing it to be untrue, and without any intent to deceive, may be chargeable with actual fraud in equity. Of course, whatever would be fraudulent at law is fraudulent in equity;

but the equitable doctrine goes further, and includes instances of fraudulent misrepresentation which do not exist at law. At law there must be a showing, not only of the falsity of the allegation, but also knowledge by the applicant of such falsity. As a general rule, courts of equity may grant relief by way of rescission, abatement, or otherwise, although no fraudulent intent on the part of the person making the representation is shown, and even though he may be honestly misled as a result of misapprehension or mistake. * * *"

We are also referred to the case of New York Life Ins. Co. v. Miller, 8 Cir., 73 F.2d 350, 97 A.L.R. 562.

However, Circuit Judge Clark in the case of Guardian Life Ins. Co. of America v. Clum, 3 Cir., 106 F.2d 592, at page 593, says: " * * * The emphasis of the Pennsylvania courts upon the mind behind the misrepresentation is not in accord with the holdings in a majority of jurisdictions, 39 Yale Law Journal 283 (note) (an odd distinction between equity and law prevails in New Jersey, New York Life Ins. Co. v. Marotta, 3 Cir., 57 F.2d 1038; Weintrob v. New York Life Ins. Co., 3 Cir., 85 F.2d 158). It has been criticized in the local law journals, 11 Temple Law Quarterly 267 (note), and by the local authors, Magaw, Representations in the Law of Life Insurance, 11 Temple Law Quarterly 463. However that may be, we do not think it a reed stout enough to support the ruling of the lower court in the case at bar."

■ In a case of much the same background as the instant one, that of Pence v. United States, 316 U.S. 332, 62 S.Ct. 1080, at page 1083, 86 L.Ed. 1510, the Supreme Court of the United States said: "The Government, which the Circuit Court of Appeals held was entitled to a directed verdict, had the burden of proof on the issue of fraud. Under the circumstances we have recited, the credibility of Doctor Glickman, its witness, was clearly for the jury. The evidence of the gastro-intestinal examination was likewise insufficient to sustain the direction of a verdict. We assume without deciding that the jury could not have refused to believe that such an examination had been made. Yet the jury could have properly refused to deduce from this *all the necessary elements of the defense of fraud, established by our decisions to be:* (1) *a false representation* (2) *in reference to material fact* (3) *made*

*with knowledge of its falsity* (4) *and with the intent to deceive* (5) *with action taken in reliance upon the representation.* Claflin v. Commonwealth Ins. Co., 110 U.S. 81, 3 S.Ct. 507, 28 L.Ed. 76; Lehigh Zinc & Iron Co. v. Bamford, 150 U.S. 665, 673, 14 S.Ct. 219, 221, 37 L.Ed. 1215; Mutual Life Ins. Co. v. Hilton-Green, 241 U.S. 613, 36 S.Ct. 676, 60 L.Ed. 1202, cf. Derry v. Peek, 14 App.Cas. 337, 374." (Italics supplied.)

■ We are not furnished a single case of war risk insurance wherein the theory of equitable fraud, advanced by Government's counsel, is brought into consideration. The Marotta and Miller cases cited, supra, are private insurance company cases and give effect to local law peculiar to the jurisdiction of the place of trial. The necessary elements of the defense of fraud found in the Pence case, supra, we believe are definitely exclusive—and, we think, certainly bar the equitable fraud theory so antipodal to "(3) made with knowledge of its falsity (4) and with the intent to deceive." The motion must be denied.

Moreover, the very able and diligent counsel for the Government says in his brief: "But, in the present case, the Government defends under a federal statute permitting contest of the insurance on the ground of 'fraud'. Section 307 of the World War Veterans' Act, 38 U.S.C. § 518 [38 U.S.C.A. § 518]. *As there used, the term includes, we believe, only common law fraud, and excludes modifications under the state laws.* Accordingly, we do not contend that a mere false statement, made with honest and reasonable belief that it is true, would be fraudulent. The fraud now claimed, in the light of the evidence, is that the plaintiff made a positive representation which was untrue, *with insufficient knowledge under the circumstances to support a reasonable belief that it was true.* Absence of evil intention, or dishonest purpose, or moral culpability, is assumed for the purposes of the motions now before the court for decision, since the insured testified, in effect, that he had no such intention or purpose." (Italics supplied.)

■ Consequently, are we not definitely and solely concerned in this case with an action at law? Conclusively, then, we may not consider the equitable fraud feature, and this point alone should dispose of the

case. We had no right to give it consideration.

A special judgment overruling and denying the motion of the Government for judgment notwithstanding the verdict of the jury, based on the doctrine of equitable fraud urged, will be signed upon presentation.