CATHERINE FAY, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, November Term — Filed December, 1922.

**Insurance — life insurance — death of insured from cancer eight months after issuance of policy — when statement in application that insured is not suffering from cancer defeats a recovery.**

In an action to recover upon a policy of life insurance the statements contained in the proofs of death as to the cause of the death of the assured are competent *prima facie* evidence against the beneficiary upon the issue of the cause of death.

Plaintiff's husband, in a written application for life insurance, stated that he had never had asthma, cancer or other tumor. The policy issued upon such appli-

cation contained a provision, taken from section 58 of the Insurance Law, as follows: " All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall avoid this policy or be used in defence of claim hereunder, unless it is contained in the written application therefor and a copy of such application is securely attached to this policy when issued." *Held,* that the actual though *bona fide* statement that the assured was not suffering from cancer, from which he died within eight months after the policy had been issued, was so material a misstatement that as matter of law it avoided the policy.

Judgment for plaintiff in an action on the policy reversed, with costs, and the complaint dismissed, with costs.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Bronx, second district, in favor of plaintiff and against defendant for $500 damages, besides costs.

*Edward M. Grout* and *Paul Grout* (*C. B. Lavoe,* of counsel), for appellant.

*John J. O'Brien,* for respondent.

GUY, J.  Action upon a twenty-year endowment life insurance policy for $500 upon life of plaintiff's husband.  The policy was issued October 4, 1920; the husband died on May 27, 1921.

The answer set up a breach of warranty in that insured, to obtain the policy, misrepresented that he had never had asthma, cancer or other tumor, disease of lungs or intestinal or hepatic colic.

The documents attached to claimant's proof of death showed that her husband died of general asthma, pulmonary œdema as described in the death certificate; or of cancer of liver and cancer of stomach (of which he had been ill for eight months) according to the attending physician's statement; which shows that deceased had actually been ill before the issue of the policy.  In the insured's application for the policy he stated that he had never had asthma, cancer or other tumor.

The policy provided: " 2 Provisions and Benefits.  3  *  *  * All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall avoid this policy or be used in defence of claim hereunder, unless it is contained in the written application therefor and a copy of such application is securely attached to this policy when issued."  This provision is taken from section 58 of the Insurance Law.  *Archer* v. *Equitable Life Assurance Society,* 218 N. Y. 18, 22–26.

Statements of the cause of death of the assured contained in the proofs of death are competent *prima facie* evidence against the beneficiary upon the issue of the cause of death.  *Hanna* v. *Connecticut Mut. Life Ins. Co.,* 150 N. Y. 526, 530–532; *Spencer* v.

*C. M. L. Ins. Assn.*, 142 id. 505, 509.    Whether or not the representation was fraudulent is a question of fact on which the trial judge's decision is not contrary to the preponderance of proof.    *Eastern District P. D. W., Inc.*, v. *Travelers Ins. Co.*, 198 App. Div. 610, 614, 615.

But the actual, though we must assume *bona fide*, misstatement that insured was not suffering from cancer, from which he died within eight months, was so material a misstatement that, as a matter of law, though not a warranty, it avoided the policy. *Saad* v. *New York Life Insurance Co.*, 201 App. Div. 544, 547; *Tunnard* v. *Supreme Council, Royal Arcanum*, Id. 746, 748.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

BIJUR and DELEHANTY, JJ., concur.

Judgment reversed.