## Business Men's Assur. Co. of America v. Conley.

Nov. 8, 1939.

Z. Wells and Stratton. & Stephenson for appellant.

C. F. Pace and Clyde L. Miller for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellant, Business Men's Assurance Company of America, is appealing from a judgment on a verdict in favor of the appellee in the sum of $2,287.50. The insurance company issued an insurance policy to Harry M. Conley on April 18, 1935, and another on May 1st of the same year. These policies provided for disability benefits while the insured was confined within doors because of illness. In answer to questions put to him when he made his application for the insurance, and also at the time he was given a physical examination, Conley said he had not had syphilis. He became ill and disabled in February, 1936, and upon examination it was found that he had paresis, or the fourth stage of syphilis. The Company canceled the policies and Conley brought this action against it. The Company denied liability. Conley was later declared to be an incompetent and his wife, Sybil Conley, was appointed his committee and she has continued the prosecution of the litigation.

A motion of counsel for the appellee to advance the case after having confessed error has been sustained. This motion was based upon Smith v. Smith, 212 Ky. 762, 280 S. W. 103. In the Smith case the cause was advanced on motion of the appellee, who had conceded that the trial court erred in sustaining a demurrer to the appellant's answer and counterclaim. The judgment was reversed and the cause remanded for trial on the merits.

Counsel for the appellee submits the following brief:

"Foreword

"I have been called to a task which I have ever found unpleasant, that of briefing on appeal a case in the trial of which I did not participate.

"Statement

"I have examined the record upon this appeal, and have investigated the facts of the case.

"I am constrained to admit that upon the record as made in the lower court by the appellee, there was not sufficient evidence to support a verdict as found.

"I am therefore confessing error, and conceding that the judgment and order refusing a new trial here appealed from ought to be reversed."

Appellant advances several grounds for reversal, one of them being that false and material statements, such as were made by Conley, will void an insurance policy. Having reached the conclusion that this contention is well grounded, it is unnecessary to discuss other questions raised by the appellant. From our examination of the record we think that it was shown conclusively that the statements made by Conley that he had not had syphilis were false. There is no dispute that Conley had paresis, or the fourth stage of syphilis in 1936. The testimony of all the doctors is in substantial agreement as to the period of time required for the development of syphilis in the fourth stage. Most of the doctors said it would take from five or six years to twenty years for this to develop—one doctor stating that it would take from three to thirty or forty years. Upon the basis of the minimum period mentioned for the development of paresis, Conley had syphilis in 1933, two years prior to the time the insurance policies were issued.

The record shows conclusively that the false statements made by Conley were material. Witnesses for the Company said that, if his answer had been "Yes" to the questions as to his having had syphilis, the policies would not have been issued. It was shown that other companies in the usual conduct of their business would have rejected Conley as an undesirable risk, if they had known that he had had syphilis.

We have frequently held that false representations made to the insurer which are material to risk will defeat recovery on an insurance policy, though the representations were made innocently. Ford v. Commonwealth Life Insurance Company, 252 Ky. 565, 67 S. W. (2d) 950, and cases cited therein. See also Mutual Benefit Health & Accident Association v. Smith, 257 Ky. 288, 77 S. W. (2d) 957; John Hancock Mutual Life Insurance Company v. Dewitt, 259 Ky. 220, 82 S. W. (2d) 317; Pacific Mutual Life Insurance Company v. Arnold, 262 Ky. 267, 90 S. W. (2d) 44. In view of the evidence

heretofore mentioned, it is our conclusion that the appellant was entitled to a peremptory instruction. See Ford v. Commonwealth Life Insurance Company, supra.

Wherefore, the judgment is reversed with directions for proceedings consistent with this opinion.