## JOHN HANCOCK MUT. LIFE INS. CO. v. CONWAY.

Court of Appeals of Kentucky.
June 19, 1951.

Bullitt, Dawson & Tarrant, Thomas W. Bullitt and Malcolm Y. Marshall, all of Louisville, for appellant.

William H. Natcher, Bowling Green, for appellee.

STEWART, Justice.

On December 3, 1947, Willard P. Conway, appellee's deceased husband, signed an application which led to the issuance to him by appellant of a $1000 policy without requiring of him a medical examination. Conway paid the monthly premium of $2.02 on the policy until his death on July 29, 1948. Appellee as beneficiary presented proofs of the death of the insured to appellant in conformity with the policy provisions on the date last mentioned. Appellant denied liability and appellee filed this action in the Warren circuit court to enforce payment of the policy. At a trial before a jury appellee was awarded judgment for $1000, the face amount of the policy.

The Insurance Company defended in circuit court on the ground and now urges as a reversal on this appeal that the insured made false answers to questions in the written application signed by him which were material to the risk under the policy.

In its answer appellant set forth the following questions and answers on page 2 of the application, and alleged that each answer made by the insured to each question was false and material:

"28. Have you ever had, or been told that you had, or consulted or been treated

by, a physician or other practitioner for any of the following:

"C. Disease of the Heart or Blood Vessels? Ans. No.

"D. Pain in the chest, shortness of breath, Coronary Artery Disease or Angina Pectoris? Ans. No.

"E. Increased or abnormal Blood Pressure? Ans. No.

"K. Any surgical operation? Ans. No.

\* \* \* \* \* \*

"30. Have you, during the past five years, consulted any physician or other practitioner, or been confined to or treated in any hospital, sanatorium, dispensary, clinic or similar institution not stated in answers to Questions 28 and 29? Ans. No.

"Specify every illness, injury, deformity or operation with dates, duration, severity, results, the names and addreses of any physicians or other practitioners and hospitals, etc. Ans. None."

"31(a) Exact height (in shoes). Ans. 5 Ft. 9 In.

"(b) Accurate weight (ordinary clothes). Ans. 180 Lbs.

"(c) When were you last weighed? Ans. Nov. 29, 1947.

"(d) Have you gained or lost weight in the past two years? Ans. No.

"If so, give full details, stating cause, how much and how long weight has remained stationary. Ans. Remained Stationary."

The following stipulation is also on page 2 of the application and is pled as binding on the insured in appellant's answer, to-wit:

"It is understood and agreed that:

A. The statements and the answers set forth on pages 1 and 2 in this application, each of which I have made and read, are complete, true and correctly recorded, are statements of fact and not opinion, and shall form the basis for and shall be a part of the contract of insurance."

Appellant further averred as follows in its answer: "If John Hancock had known any of the facts which are set out above in connection with (i) Conway's surgical operation for a cyst on his spine; and (ii) his consultation of, and treatment by, Dr. Reuter for overweight and excessive pressure about his heart; and (c) his weight of 206 lbs. on May 1, 1947, John Hancock, acting in accordance with the usual custom, practice and usage among life insurance companies generally in 1947, would not have accepted or approved Conway's Application or have issued or delivered any policy of insurance thereon or upon Conway's life." The Insurance Company also alleged that, on December 14, 1948, it offered to return to appellee the full amount of the permiums paid on the policy, which tender was refused by the beneficiary.

The trial below brought out the following uncontradicted facts relative to the health and medical history of Conway before the date of the policy in suit, and we here detail a summary of this evidence:

Sometime in 1942 while he was in the service of the United States Army, Conway underwent a surgical operation for the removal of a pilonidal cyst on the end of his spine. On October 7, 1946, fearing that this same trouble was becoming active again, he consulted Dr. C. W. Reuter of Bay City, Michigan, about his condition, but Dr. Reuter found nothing wrong in this respect and dismissed him without treatment. On May 1, 1948, Conway again went to Dr. Reuter, complaining, according to the latter's testimony, of " 'pressure around heart' more severe on exertion, starting on the right side of chest, radiating into the left chest". Dr. Reuter further stated: "There was no direct evidence of heart disease other than a moderate elevation in his blood pressure, 138 systolic and 92 diastolic, otherwise symptoms of pressure in precordial region only suggested cardiac difficulty." It was also revealed by Dr. Reuter that Conway was 26 years of age, that he was 5 feet 8½ inches tall, and that he was obese, weighing 206 pounds. The physician prescribed a reduction diet to aid Conway in losing weight. It was his opinion that Conway's "weight could impose an undue strain on his heart" and "that weight reduction would reduce the load on the heart and thus reduce the symptoms he was complaining of". Con-

way died suddenly from a heart attack on July 29, 1948.

KRS 296.160 provides: "All statements or descriptions in any application for a policy of insurance shall be deemed and held respresentations and not warranties. Misrepresentations, in an application, unless they are material or fraudulent, shall not prevent a recovery on the policy."

In interpreting the section of law just quoted this Court has uniformly held that a material representation in an application for an insurance policy, though innocently made, will avoid it and that although the misrepresentation may not be material, yet if it is fraudulently made by the insured it will, nevertheless, avoid the policy. Prudential Insurance Co. of America v. Lampley, 297 Ky. 495, 180 S.W.2d 399; Kentucky Home Mutual Life Insurance Co. v. Suttles, 288 Ky. 551, 156 S.W.2d 862; Business Men's Assurance Company of America v. Conley, 280 Ky. 375, 133 S.W.2d 554; and Ford v. Commonwealth Life Insurance Co., 252 Ky. 565, 67 S.W.2d 950.

In the present case, the evidence amounts to an admission that the above questions were not completely and truthfully answered by Conway when he applied for the insurance policy. Granting that the statements made by insured to obtain the policy were false, were the misrepresentations in the application material to the risk assumed by appellant?

The rule is that a false answer is material if the insurer, acting reasonably and naturally in accordance with the usual practice of life insurance companies under similar circumstances, would not have accepted the application if the substantial truth had been stated therein. John Hancock Mutual Life Ins. Co. v. DeWitt, 259 Ky. 220, 82 S.W.2d 317; Chamberlain v. National Life & Acc. Ins. Co., 256 Ky. 548, 76 S.W.2d 628; and Sovereign Camp, W. O. W. v. McDaniel, 251 Ky. 212, 64 S. W.2d 581.

As will be noted above, the Insurance Company in its answer pled and relied upon the principle of law just stated. Moreover, Mr. Robert R. Long, chief underwriter for the Kentucky Home Mutual Life Insurance Company for 10 years and a member of the Institute of Home Office Underwriters, produced as an expert witness on behalf of appellant, testified that he was acquainted with the standards of from two to three hundred life insurance companies and that insurance companies generally, acting in accordance with their usual customs and practices, would have rejected Conway's non-medical application, had the application disclosed the true facts as to his health and medical history. The testimony given by Long at the trial was not contradicted.

There is no merit to counsel for appellee's contention that Long was not qualified to testify as an expert witness on insurance practices and standards in the case at bar because he was never in the employ of appellant, and he relies upon Etter v. National Life & Accident Ins. Co., 228 Ky. 399, 15 S.W.2d 242, to bolster this contention. Long's broad knowledge concerning the routine and normal practices of insurance companies generally in accepting and rejecting applications for life insurance was firmly established and unquestionably made him a competent witness.

An additional question was raised relative to the action of the trial court in admitting a certain type of evidence which appellant contends was incompetent. The decision we have reached in this case renders it unnecessary to consider and resolve this issue.

We have reached the conclusion that the falsity of the representations in the application and the materiality thereof to the risk involved were undisputed facts in the instant case and that under these circumstances there was no issue to submit to the jury and the circuit court should have directed a verdict for the appellant.

Wherefore, the judgment is reversed for further proceedings consistent herewith.