**Roy Louis JANNENGA, Appellant,**

v.

**NATIONWIDE LIFE INSURANCE CO., Appellee.**

**No. 15896.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 9, 1960.

Decided March 9, 1961.

Mr. C. William Tayler, Washington, D. C., for appellant.

Mr. John E. Powell, Washington, D. C., with whom Messrs. Arthur P. Drury, John M. Lynham, and Henry H. Paige, Washington, D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and WASHINGTON and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant's daughter was born March 25, 1956, and on March 27, 1956, appellant made application to appellee Nationwide for insurance on her life. After her death on June 26, 1957, appellant sued for the sums due under the policy. Appellee defended on the ground that appellant had falsely answered questions in the application with respect to other insurance applications pending or contemplated on the life of the insured. The evidence showed that appellant had attended law school and worked as an insurance agent, that he started inquiring about insurance on the life of his daughter several months before she was born, and that two days after her birth he applied to appellee Nationwide for $10,000 insurance on her life. The application which he signed asked whether any other insurance on the child was pending or contemplated, to which the answer "none" appeared. But appellant's own evidence showed that he had applied the previous day to another company for $5,000 life insurance on the life of his daughter, and that an application for $10,000 insurance on her life was made with yet another company the same day as the Nationwide application. One month later he applied to a fourth company for $10,000 in life insurance on his daughter's life. In none of these applications did he disclose the pendency of applications with the other companies, although each application called for that information. Appellant testified that each of the life insurance agents told him that the questions referred only to *delivered* policies, and that the negative answer in the Nationwide application was entered by the agent after such explanation. Ultimately appellant obtained $35,000 insurance on the life of his infant daughter. At the close of appellant's case the District Court directed a verdict for the appellee on the ground of material misrepresentation in the application.

The questions presented here are:

(1) Was the trial court bound to notice and apply Ohio or Maryland law, al-

though that law was not relied on by appellant?

(2) If not, were the misrepresentations a bar to recovery on the contract of insurance under the law of the District of Columbia?

(1)

At the trial appellant's counsel relied upon "our own District of Columbia opinions." Although he cited an Illinois case on a point of general law, he did not refer to the case law or statutes of Ohio or Maryland in his argument. Nevertheless, appellant now contends that the final act necessary to completion of the contract took place in Ohio and that the trial court should have applied an Ohio statute; on trial he emphasized that the contract took effect when the application was signed in Maryland. In the alternative he urges that the contract was made in Maryland, and in either case that the trial court erred in applying local law.[1]

This court has stated that federal courts "will take judicial notice of the law of the several states * * * whether pleaded or not * * *." Boland v. Love, 1955, 95 U.S.App.D.C. 337, 340, 222 F.2d 27, 31. Accord, Moore v. Pywell, 1907, 29 App.D.C. 312, 9 L.R.A., N.S., 1078. And in an oft quoted passage, the Supreme Court said that "the law of any State of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States *are bound* to take judicial notice, without plea or proof." Lamar v. Micou, 1885, 114 U.S. 218, 223, 5 S.Ct. 857, 859, 29 L.Ed. 94. (Emphasis added.)

The Third Circuit has taken the view that this means that "the appropriate law must be applied in each case and upon a failure to do so appellate courts should remand the cause to the trial court to afford it opportunity to apply the appropriate law, even if the question was not raised in the court below."

United States v. Certain Parcels of Land, 3 Cir., 1944, 144 F.2d 626, 630, 155 A.L.R. 253. See also Parkway Baking Co. v. Freihofer Baking Co., 3 Cir., 1958, 255 F.2d 641. In so doing, the Third Circuit has relied upon Pecheur Lozenge Co. v. National Candy Co., 1942, 315 U.S. 666, 62 S.Ct. 853, 86 L.Ed. 1103.

In the Pecheur case plaintiff sued for trademark infringement. The trial court, proceeding on the theory that this was a suit under the Trademark Act, 15 U.S.C.A. § 1051 et seq., rendered judgment for plaintiff. On appeal the Court of Appeals reversed. The Supreme Court agreed that no cause of action was stated under the Trademark or Copyright statutes, but remanded to the trial court for a determination whether a cause of action was stated under the local law.

While the Pecheur case shows that appellate courts *may* remand a case for consideration of the applicability of state law not brought to the attention of the trial court, it need not be read as always *requiring* such a result. On this view the statement in Lamar v. Micou, supra, means simply that a federal court cannot refuse to apply the law of a state other than the forum solely on the ground that it was not affirmatively pleaded or proved.

The Tenth Circuit took this view in Prudential Ins. Co. of America v. Carlson, 10 Cir., 1942, 126 F.2d 607. Plaintiff sued on an insurance policy and the court awarded attorney's fees as part of the damages, in accord with the law of the forum. On appeal the court stated that the trial court had erred in allowing the fees, since that issue should have been decided under the law of New Jersey. But the court refused to reverse the award, on the ground that at no point in the proceedings prior to appeal had the defendant challenged the right to the award. The court stated that while federal courts take judicial notice of state

---

1. Although the trial judge referred to a Maryland case in his opinion, the reference was wholly consistent with a determination to apply District law, since it

is the common law of Maryland "from which we derive our common law in the District of Columbia," as the trial judge states.

law, "one relying upon such a law is not relieved from calling it to the attention of the court at a proper time." Id. at page 611.

Similarly, in Great Am. Ins. Co. v. Glenwood Irr Co., 8 Cir., 1920, 265 F. 594, the trial court refused a charge requested by the plaintiff. On appeal, plaintiff contended that this charge was proper under the law which he claimed the trial court should have applied. The Eighth Circuit held that since the statute of the other jurisdiction had not been brought to the attention of the court, the charge was not error.

Recently, in Smith v. Pasqualetto, 1 Cir., 1957, 246 F.2d 765, the First Circuit implied a like result. There plaintiff had brought a personal injury action, and, after a favorable verdict, judgment n. o. v. had been entered for the defendant on the ground the statute of limitations barred the action. On appeal the plaintiff for the first time raised an applicable statute tolling the period of limitations because the last day fell on Sunday. The court said

> "Although there are situations in which the overall needs of justice require that parties on appeal be denied recourse to rules of law to which the attention of the trial court has not been specifically directed * * * appellate courts are understandably reluctant to impose injustice upon a party by affirming a judgment which would have no legal basis were it not for the laxity of his counsel. * * * In this case we will consider the appellant's rights under the Massachusetts 'Sunday statute,' for to do so imposes no substantial injustice upon either the appellee, or other litigants awaiting access to the courts, since no further proceedings of any significant duration will result which would be otherwise unnecessary were it not for the laxity of appellant's trial counsel. Id. at pages 767–768.

In an exhaustive treatment of the subject Professor Brainerd Currie has noted the inadequacy of allowing briefs on appeal to substitute for bringing the matter to the attention of the trial court. He points out that retrial may be needed to test issues and defenses not theretofore considered, and urges that judicial notice statutes not be interpreted as discharging the duty of counsel to bring the law of other jurisdictions to the attention of the trial court. See Currie, On the Displacement of the Law of the Forum, 58 Colum.L.Rev. 964, 984–95 (1958).

■ ■ Thus, orderly administration of justice suggests that plaintiff should not at this late stage be allowed to rely on the law of another jurisdiction. While this court recognizes its power to take judicial notice of applicable state law, or to remand for its application, nothing in this record suggests that it is appropriate to do so in order to avoid injustice or to promote the ends of justice. We conclude, therefore, that the trial court was not bound to notice and apply the law of Ohio or Maryland statutory law when appellant not only failed to rely on either but affirmatively argued the law of the District.

(2)

■ Under the law of the District, a false statement in an application for insurance bars recovery if it materially affected the acceptance of the risk. D.C. Code, § 35–414 (1951). The test of materiality is whether the representation would reasonably influence the insurer's decision as to whether it should insure the applicant. Prudential Ins. Co. of America v. Saxe, 77 U.S.App.D.C. 144, 156, 134 F.2d 16, 30, certiorari denied, 1943, 319 U.S. 745, 63 S.Ct. 1033, 87 L. Ed. 1701; cf. Silberstein v. Massachusetts Mut. Life Ins. Co., 1947, 189 Md. 182, 55 A.2d 334. See generally Vance, Insurance § 62 (3d ed. 1951). And where the evidence warrants, materiality may be found as a matter of law. Kavakos v. Equitable Life Assur. Soc'y, 1936, 66 App.D.C. 380, 88 F.2d 762.

The reason why the existence of other insurance is material was well stated by

the Supreme Court in Jeffries v. Life Ins. Co., 1874, 22 Wall. 47, 54, 89 U.S. 47, 54, 22 L.Ed. 833, "Insurance companies sometimes insist that individuals largely insured upon their lives, who are embarrassed in their affairs, resort to self-destruction, being willing to end a wretched existence if they can thereby bestow comfort upon their families." Of course, the force of this consideration looms larger in the case of insurance procured by one on the life of another. In recognition of the special danger implicit in large amounts of insurance on the life of a child, some states have limited the amount of such insurance which may be obtained. E.g., N.Y. Insurance Laws, McK.Consol.Laws, c. 28, § 147. Thus, the possibility of $25,000 additional insurance on the life of a newborn child cannot be disregarded as immaterial. Cf. Kaplan v. Manhattan Life Ins. Co., 1939, 71 App.D.C. 250, 109 F.2d 463; Helm v. Sun Life Ins. Co., 1922, 141 Md. 326, 118 A. 755, 27 A.L.R. 957. It is well known that in the early years of infancy mortality is high, giving sound grounds for limitation of insurance issued on lives of infant children. As to such an applicant there is added pertinence to the questions involved under this application.

Nor could the alleged participation of the agent in the falsification waive the defense of misrepresentation, since "the assured at the least consciously permitted an application containing material misrepresentations to be presented by subordinate agents to officers of the insurance company under circumstances which he knew negatived any probability that the actual facts would be revealed * * *. He could claim nothing because of such information in the keeping of unfaithful subordinates." Mutual Life Ins. Co. of New York v. Hilton-Green, 1916, 241 U.S. 613, 623, 36 S.Ct. 676, 680, 60 L.Ed. 1202. Accord, Silverman v. New York Life Ins. Co., 1935, 65 App.D.C. 29, 79 F.2d 154; Kaitlin v. Metropolitan Life Ins. Co., D.C. Mun.App.1949, 65 A.2d 188. We hold that the misrepresentations shown here, even if participated in by the agent, were material and constituted a valid defense.

Affirmed.