MANUFACTURERS LIFE INSURANCE COMPANY
*v.* BEARDSLEY.

1. INSURANCE—MISREPRESENTATION AFFECTING ASSUMPTION OF RISK.
    An insurance policy may be canceled for an untrue statement in application, made in good faith or in ignorance of its falsity if such misrepresentation materially affects assumption of the risk by the insurer (CL 1948, § 522.17).

2. SAME—LIFE INSURANCE—FALSE STATEMENTS IN APPLICATION—CANCELLATION OF POLICY.
    Testimony as to falsity of representations in application for life insurance policy that applicant was free from disease or symptoms thereof, was in sound health, had never consulted or been examined or advised by any doctor, had never gone to a hospital, sanitorium, or asylum for any reason, had never had any illnesses, diseases, operations, or accidents, and did not use intoxicants, which application resulted in issuance of policy a year before insured died *held*, to justify cancellation of the policy because such false statements had materially affected the acceptance of the risk by the insurer (CL 1948, § 522.17).

3. SAME—FALSE STATEMENTS IN APPLICATION FOR LIFE INSURANCE—INSURANCE AGENT.
    Claim that insurance company's agent in filling out application for life insurance policy had innocently or wilfully erred in filling out the application so that it contained false statements materially affecting the risk *held*, not supported by record (CL 1948, § 522.17).

4. SAME—FALSE STATEMENTS IN APPLICATION FOR LIFE INSURANCE—INTENT—ACCEPTANCE OF RISK.
    Whether or not applicant for life insurance made false statements

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4]  29 Am Jur, Insurance §§ 420–422, 698–707, 735 *et seq.*
[3]  29A Am Jur, Insurance §§ 1060–1065.
Insertion by insurer's agent in application of false answers to questions correctly answered by insured, or answers suggested by agent.  81 ALR 833, 117 ALR 790, 148 ALR 507.

in application for policy with intent to deceive the insurer is not determined in insurer's suit to cancel policy, where misrepresentations materially affecting the risk were made and cancellation based on such ground (CL 1948, § 522.17).

Appeal from Muskegon; Beers (Henry L.), J. Submitted June 8, 1961. (Docket No. 30, Calendar No. 48,789.) Decided December 28, 1961.

Bill by the Manufacturers Life Insurance Company against Beverly Beardsley for cancellation of life insurance policy because of misrepresentation in application and for injunction against suit for recovery thereon. Decree for plaintiff. Defendant appeals. Affirmed.

*Hathaway, Latimer, Clink & Robb,* for plaintiff.

*Stribley & Rude,* for defendant.

SOURIS, J. This appeal presents no reversible error. It is an appeal from a chancellor's decree canceling a life insurance contract and enjoining defendant as the beneficiary named therein from prosecuting an action at law to recover on the contract. The contract of insurance was issued in November of 1956 on the life of Burl Beardsley, defendant's husband, who died 1 year after the policy was issued.

The chancellor found that certain of the answers contained in the application for insurance were false. Although he found no actual intent on the part of the insured to deceive the insurance company, he did find that the false answers materially affected the acceptance of the risk by the insurer, within the meaning of CL 1948, § 522.17 (Stat Ann 1943 Rev § 24.280), in effect when the policy was issued. Prior to its repeal by PA 1956, No 218, effective January 1, 1957, that section provided:

"The falsity of any statement in the application for any policy covered by this chapter shall not bar the right to recovery thereunder unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."

In his opinion the chancellor quoted the following from our opinion, construing the quoted statutory provision, in *Prudential Insurance Company of America* v. *Ashe,* 266 Mich 667, 672:

"An insurance policy may be canceled for an untrue statement made in good faith or even in ignorance of its falsity, if such misrepresentation materially affected the assumption of risk by the insurer. *National Life & Accident Ins. Co.* v. *Nagel,* 260 Mich 635. See, also, *Bellestri-Fontana* v. *New York Life Ins. Co.,* 234 Mich 424. Defendant's past and existing state of health was a material fact affecting the risk of plaintiff company, and plaintiff's officers have testified in a statement admitted by stipulation and unrebutted by the defendant that defendant's application for reinstatement would not have been accepted had a full disclosure been made to the company."

Beardsley's application for insurance represented that he was free from disease or symptoms of disease and in sound health; that he had never consulted or been examined or advised by any doctor; that he had never gone to a hospital, sanitorium, or asylum for any reason; that he had never had any illnesses, diseases, operations, or accidents; and that he did not use beer, wine, spirits, or other intoxicants. In the proceedings below it was disclosed that Beardsley, about 26 years old, had suffered for many years from severe headaches and that once or twice a year he blacked out, or fainted, without apparent cause. It further developed that in 1947 or 1948 his parents consulted a physician who had him hospitalized for examination and observation by other doctors, and

in the fall of 1956 he again consulted a doctor. Testimony in the proceedings below also revealed that Beardsley did use intoxicants frequently and, with some degree of regularity, to excess.

Plaintiff's medical witness, its full-time associate medical officer, testified that if Beardsley's application for insurance had disclosed his true medical history, the application for insurance would have been declined or an extra premium charged therefor and that, in either event, additional information would have been requested or Beardsley would have been medically examined. He also testified that had the application disclosed the extent of Beardsley's use of intoxicants, insurance would have been declined by his company because "the experience is that there are many more deaths in this group than would be normal for their age."

It is our conclusion from the foregoing that the chancellor's decree must be affirmed on the ground that the false statements contained in Beardsley's application for insurance materially affected the acceptance of the risk by the insurer within the meaning of the statutory provision quoted above. In addition to *Prudential Insurance Company of America* v. *Ashe, supra,* see, also, *General American Life Ins. Co.* v. *Wojciechowski,* 314 Mich 275, 281, 282.

Defendant's claim that the insurance agent who prepared Beardsley's application did not ask him the specific questions it contained is not well taken. The agent, in his own language, asked Beardsley for information sufficient to answer the specific questions. The evidence discloses that the information he received from Beardsley was false. It does not support defendant's claim that the agent, innocently or wilfully, erred in filling out the application. *Cf. Hughes* v. *John Hancock Life Insurance Co.,* 351 Mich 302.

Defendant argues on appeal that the proofs were insufficient to prove Beardsley committed actionable fraud or that he made the false statements in the application with intent to deceive the insurance company. As is indicated above, the chancellor did not find intentional misrepresentation by Beardsley but, instead, planted his decision, as do we, upon the material effect the false statements had upon the insurer's acceptance of the risk. Accordingly, we need not consider these and other questions argued by appellant, for the reason that our resolution of them even in her favor would not result in reversal of the decree below.

Affirmed. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.