Mildred W. HILL, Administratrix of the Estate of Thomas G. Hill, Deceased, Appellant,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.

No. 7310.

District of Columbia Court of Appeals.

Argued Oct. 9, 1973.

Decided Feb. 11, 1974.

Samuel Intrater, Washington, D.C., with whom Albert Brick, Washington D.C., was on the brief, for appellant.

Charles H. Fleischer, Washington, D.C., with whom Richard S. T. Marsh, Washington, D.C., was on the brief, for appellee.

Before KELLY, KERN and PAIR, Associate Judges.

KELLY, Associate Judge:

On June 23, 1971, in conjunction with the signing of a conditional sales contract

for the purchase of a new car, Thomas G. Hill, appellant's deceased husband, affixed his signature to a statement in an application for credit life insurance, as follows:[1]

I, the Buyer Proposed for Life Insurance, understand that the insurance is only available to a buyer who makes the following declarations to induce Prudential to effect such insurance: I do hereby declare that within the past three months (1) I have not consulted or been under the care of a doctor or other practitioner for cancer, and (2) I have not been confined in a hospital or other institution because of any condition of the heart, brain, liver, kidneys or lungs. I hereby authorize any physician or hospital to disclose to Prudential all information concerning my medical history prior to the date of this contract.

/s/ Thomas G. Hill
_____

(Signature of Buyer Proposed for Life Insurance)

Mr. Hill died of cancer several months later, but Prudential refused payment of appellant's ensuing claim to the insurance proceeds due under the policy on the ground that the application for insurance contained a false statement which materially affected the acceptance of the risk and hazard the company had assumed.

The evidence adduced at trial on appellant's complaint, as administratrix of her husband's estate, for recovery under the policy demonstrated without question that Mr. Hill had been treated for cancer within the three months' period preceding the application for insurance.[2] Additionally, the parties stipulated that "a statement in an application for life insurance concern-

ing care or consultation by a doctor or other practitioner for stomach cancer materially affects acceptance of the risk and the hazard assumed by the insurance company."[3] At the conclusion of all of the evidence the court directed a verdict for appellee, relying upon the provision of D.C.Code 1973, § 35–414, that:

The falsity of a statement in the application for any policy of insurance shall not bar the right to recovery thereunder *unless* such false statement was made with intent to deceive *or unless* it materially affected either the acceptance of the risk or the hazard assumed by the company. [Emphasis supplied.]

Appellant here contends, contrary to the ruling of the court, that in order to avoid payment under the policy it was incumbent upon appellee to prove not only that the misrepresentation in the insurance application was material to the risk or the hazard assumed, but also that it was made with an intent to deceive.[4] She argues that despite the clear language of the statute, written in the disjunctive, there must be a showing of intent to deceive *and* materiality to the acceptance of the risk if the statute is to be understood, citing in support of her position the statement in Prudential Ins. Co. v. Saxe, 77 U.S.App.D.C. 144, 153, 134 F.2d 16, 25, cert. denied, 319 U.S. 745, 63 S.Ct. 1033, 87 L.Ed. 1701 (1943), that :

To avoid the policy under the statute the statements must be both false and made with intent to deceive or material to the risk or its acceptance, unless possibly both intent to deceive and materiality are required in addition to falsity, a matter which need not be decided in this case. . . .

_____

1. The applicant was to be insured under a group policy issued by appellee Prudential Insurance Company to General Motors Acceptance Corporation.

2. Indeed, the evidence is overwhelming that he had been operated on and treated for cancer over several years and that he knew he had cancer.

3. R. at 88.

4. Appellant's position is that there is no evidence to show that her husband signed the insurance application with intent to defraud since she testified that he had signed the application without reading it.

Whatever this language in *Saxe* may signify, the courts in this jurisdiction have otherwise held that a false statement in an application for insurance which is shown to materially affect the acceptance of the risk or the hazard assumed by the insurer will bar the right to recover under the policy. *See, e. g.,* Haubner v. Aetna Life Ins. Co., D.C.App., 256 A.2d 414 (1969); Jannenga v. Nationwide Life Ins. Co., 109 U.S.App.D.C. 385, 288 F.2d 169 (1961); Kaitlin v. Metropolitan Life Ins. Co., D.C.Mun.App., 65 A.2d 188 (1949). *Cf.* Metropolitan Life Ins. Co. v. Adams, D.C.Mun.App., 37 A.2d 345 (1944).[5] Accordingly, the trial court correctly ruled that the statute was without ambiguity and did not require that appellee prove Hill's false statement, which was conceded to materially affect the risk assumed, was made with intent to deceive.

■ ■ Appellant also claims that over and above the statute the insurer must in any case show an applicant's intent to deceive because the policy itself provides that statements made in an application for insurance "shall be deemed representations and not warranties", citing Northwestern Mut. Life Ins. Co. v. West, 62 App.D.C. 381, 68 F.2d 428 (1933), cert. denied, 292 U.S. 627, 54 S.Ct. 631, 78 L.Ed. 1482 (1934). The particular language in the policy to which appellant refers is required by statute,[6] enacted after the *West* decision, and has been construed elsewhere, when considered with statutes similar to D.C.Code 1973, § 35–414, as not requiring proof of fraudulent intent. Nationwide Mut. Life Ins. Co. v. McBriety, 246 Md. 738, 230 A.2d 81 (1967); John Hancock Mut. Life Ins. Co. v. Conway, 240 S.W.2d 644 (Ky.1951); Fay v.

Metropolitan Life Ins. Co., 119 Misc. 715, 197 N.Y.S. 287 (1922). Moreover, as we have said, subsequent authorities in this jurisdiction hold that proof that an application for insurance contains a false statement which materially affects the acceptance of the risk or hazard assumed by the insurer is sufficient to defeat a claim under the policy. Haubner v. Aetna Life Ins. Co., *supra*; Jannenga v. Nationwide Life Ins. Co., *supra*; Kaitlin v. Metropolitan Life Ins. Co., *supra;* Metropolitan Life Ins. Co. v. Adams, *supra*.

■ ■ Finally, as an added comment, this is not a case such as *West* where the facts are susceptible to the conclusion that the applicant for insurance did not know or believe he was afflicted with a disease. Nor is it a case in which the applicant gives correct oral answers to questions of an insurance agent who incorrectly records them on an application which the applicant signs without reading, a circumstance which could conceivably estop the insurer from later relying upon a defense of misrepresentation to avoid the policy. Blair v. Prudential Ins. Co. of America, 153 U.S.App.D.C. 281, 472 F.2d 1356 (1972). Here it was appellant's testimony that the car salesman checked off the places on a conditional sales contract where she and her husband were to sign and that her husband signed the insurance application without reading it.[7] Such testimony is insufficient as a matter of law to create a question of fact for the jury, for it has long been held that an insured has a duty to read an application for insurance which he signs and that he is bound by the statements contained therein. New York Life Ins. Co. v.

---

5. *See also* Bankers Life and Cas. Co. v. Long, 48 Ala.App. 570, 266 So.2d 780 (Civ.App. 1972); Life Ins. Co. of Va. v. Shifflet, 201 So.2d 715 (Fla.1967); Nationwide Mut. Life Ins. Co. v. McBriety, 246 Md. 738, 230 A.2d 81 (1967); Briggs v. United States Life Ins. Co., 80 S.D. 26, 117 N.W.2d 804 (1962) (interpreting D.C. law); Manufacturers Life Ins. Co. v. Beardsley, 365 Mich. 308, 112

N.W.2d 514 (1961); Campbell v. Prudential Ins. Co. of America, 15 Ill.2d 308, 155 N.W.2d 9 (1958); John Hancock Mut. Life Ins. Co. v. Conway, 240 S.W.2d 644 (Ky.1951).

6. D.C.Code 1973, § 35–711(3).

7. Mr. Hill had also purchased credit life insurance in connection with the financing of his previous automobile.

Fletcher, 117 U.S. 519, 6 S.Ct. 837, 29 L. Ed. 934 (1886).[8]

We conclude that the trial court correctly directed a verdict for appellee at the close of the evidence. Accordingly, the judgment appealed from is

Affirmed.

---

8. *See* Indovina v. Metropolitan Life Ins. Co., 334 Pa. 167, 5 A.2d 556 (1939); Metropolitan Life Ins. Co. v. Lodzinski, 121 N.J.Eq. 183, 188 A. 681 (1936), modified on other grounds, 122 N.J.Eq., 404, 194 A. 79 (1937); Moriarty v. Metropolitan Life Ins. Co., 180 Ky. 207, 202 S.W. 630 (1918).