Edgar M. SKINNER, III, and Esther Skinner, Plaintiffs,

v.

AETNA LIFE INSURANCE COMPANY, Defendant.

Civ. A. No. 83–679.

United States District Court, District of Columbia.

April 4, 1985.

Jerome P. Friedlander, II, Arlington, Va., for plaintiffs.

Thomas M. Hogan, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

STANLEY S. HARRIS, District Judge.

The plaintiffs, Edgar and Esther Skinner, brought this action to recover for the denial of coverage and cancellation of a group life and health insurance plan issued by the defendant, Aetna Life Insurance Co. Now before this Court is defendant's motion for summary judgment. Upon consideration of the motion, the opposition thereto, the reply, supplemental memoranda, and the entire record herein, the Court concludes that the defendant's motion should be granted.

### I

On July 30, 1981, Mr. Skinner applied for enrollment in the group life and health insurance plan in effect with The Presidential Yacht Trust, of which he was the president. In filling out the application, Mr. Skinner answered "no" to the following question: "During the past 5 years, have you been treated for any sickness, disease or injury, or had any departures from good health not stated elsewhere on this application?" The policy was issued with an effective date of August 1, 1981, and was to cover Mr. Skinner and his wife. On August 20, 1981, Mr. Skinner began a series of tests which resulted in his hospitalization. In January 1982, it was determined that he was in need of an operation for heart disease. When an acknowledgement of health insurance coverage was sought, the defendant asserted that the insurance policy was void or voidable for material misrepresentations of fact.

### II

Section 35–414 of the District of Columbia Code provides:

The falsity of a statement in the application for any policy of insurance shall not bar the right to recovery thereunder unless such false statement was made with intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the company.

■ The negative answer to the above-quoted question undeniably was false in light of Mr. Skinner's extensive medical history during the five years previous to his enrollment in the plan. His medical records reflect that earlier during the very month in which he applied for insurance, he had been treated four times for chest and abdominal pains, pains in his left lung and shoulder, and breathing difficulties. The previous year, he had been treated several times for chest pains which he described as feeling like a hot iron on his chest. Diagnostic procedures included chest X-rays, a tomogram of the left lung, stress EKGs, and a lung scan. Tentative diagnoses included angina, reflux esophagitis, pulmonary embolism, fluid in his lungs, and pleurisy. In addition, he had been suffering from alcohol-related problems since 1976, and was hospitalized for alcohol detoxification on August 19, 1981, less than a month after the date of application. Finally, the records indicate that he was obese and had smoked two packs of cigarettes a day for 25 years.

These problems were well within a reasonable man's interpretation of the application's question seeking information as to treatment "for any sickness, disease, or . . . departures from good health." Mr. Skinner asserts that he considered his medical difficulties to be minor matters, and that he had been told by an agent not to mention minor matters, but that may not control.[1] "It is not for the applicant to decide wheth-

---

1. The application contained a clause in large type directly above the signature line stating: "I AGREE THAT: (1) NO ONE BUT AN OFFICER OF AETNA HAS AUTHORITY TO ACCEPT INFORMATION NOT CONTAINED HEREIN, TO MODIFY OR ENLARGE ANY CONTRACT OR TO WAIVE ANY REQUIREMENT." An insurance company may limit the authority of its soliciting agent and, so limited, an agent cannot bind his company beyond his authority. *Kaitlin v. Metropolitan Life Insurance Co.*, 65 A.2d 188, 190 (D.C.1949).

er the matter concerning which he has consulted a physician was serious or trivial. The insurance company is entitled to determine that question for itself." *Kavakos v. Equitable Life Assurance Society*, 88 F.2d 762, 763 (D.C.Cir.1936).

### III

 The determination that the answer was false leads to the next issue, that is, whether there was an intent to deceive or whether the false answer had a material effect on the acceptance of the risk or the hazard assumed. The Court need not reach the issue of intent to deceive, because the matter is resolved on its conclusion that Mr. Skinner's false statement was related to a material matter. This is sufficient to defeat a claim under the policy even if the misrepresentation was unintentional. *Hill v. Prudential Life Insurance Co. of America*, 315 A.2d 146, 148 (D.C. 1974).

"The test of materiality is whether the representation would reasonably influence the insurer's decision as to whether it should insure the applicant." *Jannenga v. Nationwide Life Insurance Co.*, 288 F.2d 169, 172 (D.C.Cir.1961). The record in this case supports the conclusion that under the facts presented, the defendant would not have issued the policy had the question been answered truthfully. Therefore, the misrepresentation was material. *Blair v. Inter-Ocean Insurance Co.*, 589 F.2d 730, 732 (D.C.Cir.1978). Uncontradicted deposition testimony establishes that the policy would not have been issued had the defendant known of Mr. Skinner's unresolved and ongoing chest pain of a pleuristic nature associated with shortness of breath and left hilar prominence during the month of application. Furthermore, the defendant's Underwriting Manual explicitly precludes coverage when the applicant has a history of current or recent alcohol abuse or has had past treatment for alcohol abuse when the period of total abstinence has been less than five years.

### IV

In conclusion, the Court finds that the negative answer given by Mr. Skinner in his application for insurance was false. That response was related to a material matter which affected the risk undertaken by the insurer. Therefore, the defendant is entitled to judgment as a matter of law. Accordingly, it hereby is

ORDERED, that defendant's motion for summary judgment is granted and the case is dismissed.

SO ORDERED.