Edgar M. SKINNER, Appellant,

Esther Skinner,

v.

AETNA LIFE AND CASUALTY.

No. 85–5616.

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 29, 1986.
Decided Oct. 31, 1986.

Jerome P. Friedlander, II, Arlington, Va., for appellant.

Thomas M. Hogan, Washington, D.C., for appellee.

Before BORK and BUCKLEY, Circuit Judges, and WRIGHT, Senior Circuit Judge.

Opinion for the court filed by Circuit Judge BUCKLEY.

BUCKLEY, Circuit Judge:

Appellant, Edgar Skinner, seeks damages for the termination of a life and health insurance policy issued by the appellee, Aetna Life Insurance Company ("Aetna"). Based on the record, the district court found that Mr. Skinner's answer to a question in the insurance application form was objectively false and (paraphrasing the language of section 35–414 of the District of Columbia Code) that it "related to a material matter which affected the risk undertaken by the insurer." The court concluded that these findings were sufficient "to defeat a claim under the policy even if the misrepresentation was unintentional" and granted Aetna's motion for summary judgment. Appellant seeks review of this conclusion.

Appellant argues that qualifying language contained in the insurance application form—"[t]he foregoing statements and answers are true and complete to the best of my knowledge and belief"—required the application of a subjective test in determining whether the statement was false within the meaning of section 35–414. Given the qualifying language, we conclude the appropriate test of the truth or falsity of Mr. Skinner's statement is whether he in fact believed his answer to be true and, if so, whether that belief can be reconciled with the facts within his knowledge. We find that Mr. Skinner's answer fails that test. The contrast between his stated belief and the conclusions compelled by the facts he knew was such as to require a finding that his answer was false as a matter of law. Accordingly, we affirm the district court's grant of summary judgment.

## I.

Edgar Skinner was president of The Presidential Yacht Trust, an organization that chartered and operated the former presidential yacht *Sequoia*. On July 30, 1981, he applied for enrollment in the Aetna group life and health insurance plan in effect for employees of the Trust. Question 14c of the enrollment form asked:

During the past 5 years, have you been treated for any sickness, disease or injury, or had any departures from good health not stated elsewhere on this application?

Mr. Skinner's answer was "No."

Contrary to what that answer suggests, his medical history reveals repeated calls for medical attention. During the year prior to his application, Mr. Skinner sought medical assistance a number of times for severe chest pains, breathing difficulties, and other complaints. In the course of his examinations, he was required to have chest X-rays, a tomogram of the left lung, stress EKG's, and a lung scan. In addition, Mr. Skinner had been suffering from alcohol-related problems since 1976, had attended Alcoholics Anonymous briefly, and in the period prior to his enrollment, his drinking had reached a point where once or twice a week he "drank out of control."

Soon after the issuance of the policy, while hospitalized for the treatment of alcoholism, medical tests revealed that Mr. Skinner was suffering from bacterial endocarditis—a condition affecting the lining of the heart. Mr. Skinner's condition continued to worsen throughout the latter part of 1981. In January 1982, when it was determined that heart-valve surgery was necessary, Aetna refused to acknowledge insurance coverage. Shortly thereafter, Aetna terminated the policy on the ground that it was void or voidable because of material misrepresentations of fact. Appellant and his wife (who did not join in the appeal) brought this action for damages related to Aetna's denial of insurance coverage.

## II.

In granting Aetna's motion for summary judgment, the district court relied on section 35–414 of the District of Columbia Code, which provides:

The falsity of a statement in the application for any policy of insurance shall not bar the right to recovery thereunder unless such false statement was made with intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the company.

D.C.Code Ann. § 35–414 (1981).

The statute sets forth a two-tiered test whereby insurance coverage may be barred. First, the statement must be false. Second, the false statement must have been made with an intent to deceive or must materially affect the acceptance of the risk or hazard assumed by the company.

In examining the first tier of this test, the district court did not address the question of Mr. Skinner's knowledge and belief. Instead, it limited its inquiry to a determination of whether he had in fact experienced "any departures from good health" during the prior five years. The court concluded that his response to question 14c

was "undeniably false in light of his prolonged history of serious medical problems." "These problems," the court noted, "were well within a reasonable man's interpretation of the application's question seeking information as to treatment 'for any sickness, disease, or ... departures from good health.' "

On addressing the second tier, the court concluded that because his false statement "materially affected either the acceptance of the risk or the hazard assumed by the company," it need not determine whether Mr. Skinner intended to deceive Aetna. This finding was based on uncontradicted evidence that Aetna would not have issued a policy to a person with Mr. Skinner's medical history and alcohol-related problems. Because its determination that the statement was both false and material was "sufficient to defeat a claim under the policy even if the misrepresentation was unintentional" (citation omitted), the district court held that Aetna was entitled to judgment as a matter of law. 607 F.Supp. 403 (1985).

Appellant argues that the district court's finding that his answer to question 14c was false must be rejected because the court erred in applying an *objective* test to the inquiry. Appellant contends that each of the questions in the form is qualified by its concluding sentence:

THE FOREGOING STATEMENTS AND ANSWERS ARE TRUE AND COMPLETE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

(Capital letters in the original). This language, he asserts, establishes a *subjective* standard, requiring a court to determine not what a "reasonable man" might believe, but what he believed; and as belief is a subjective matter, only the trier of fact may determine the credibility of an individual asserting a belief.

Appellant contends that because, on a motion for summary judgment, the evidence must be taken in the light most favorable to him, the district court was required to take his statement of belief as true; therefore, the court erred in granting Aetna's motion for summary judgment based on a finding that the statement was false as a matter of law.

## III.

Section 35–414 is typical of statutes that "are designed to relieve against the rigorous consequences of the common-law rules as to warranties and misrepresentations concerning insurance, particularly if made in good faith with no intent to deceive and in relation to a matter which does not increase the risk or contribute to the loss." 43 Am.Jur.2d *Insurance* § 1034 (1982). While section 35–414 and other similar statutes assure the insured of certain basic protections, they do not preclude the parties to an insurance contract from entering into an agreement "more favorable to the insured than the statute prescribes." *Id.; see also Sterling Insurance Co. v. Dansey,* 195 Va. 933, 81 S.E.2d 446, 451 (1954) (The insurer "could and did make a more favorable agreement with the insured than the statute · prescribed"; when answers are qualified by the proviso that they be true to the best of the applicant's knowledge and belief, "an incorrect statement innocently made in the belief of its truth will not void the policy.").

In the case before us, Aetna chose to include language in its group insurance enrollment form that had the effect of shifting the focus, in a determination of the truth or falsity of an applicant's statement, from an inquiry into whether the facts asserted were true to whether, on the basis of what he knew, the applicant believed them to be true. Thus Mr. Skinner's answer must be assessed in the light of his actual knowledge and belief. *See Jones v. Reliance Ins. Co.,* 607 F.2d 1, 4–5 (D.C.Cir. 1979) (inquiry into an insurance applicant's knowledge and understanding of the truth required where individual questions prefaced with the language, "[t]o the best of your knowledge and belief").

Applicant contends that the critical facts of this case cannot be resolved as a matter of law because they depend on the credibility of his assertion that when he applied for

enrollment in the Aetna plan, he indeed believed that he had not received treatment for any sickness or disease, nor had experienced any departures from good health, during the prior five years. Summary judgment is inappropriate, he concludes, because the case presents "an issue as to a material fact [that] cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility." *Hackley v. Roudebush,* 520 F.2d 108, 159 (D.C.Cir.1975).

We agree with appellant that the phrase "to the best of your knowledge and belief" is controlling in a determination of what is or is not a false statement within the meaning of section 35–414. We also agree that a nonmoving party is entitled to the benefit of all favorable inferences that may be drawn from the evidence. *Rodway v. United States Department of Agriculture,* 482 F.2d 722, 727 (D.C.Cir.1973). We cannot agree, however, with appellant's apparent contention that by its very nature, a statement based on knowledge and belief is so subjective that it can never be found false as a matter of law.

Appellant bases his contention on the following analysis:

> When the insurance company asked Mr. Skinner to answer "to the best of your knowledge and belief, have you had any departures from good health," the insurance company placed the resolution of that question into the *subjective* framework of Mr. Skinner's understanding and belief. It is *not an objective standard.*

Appellant's Brief at 17 (emphasis in the original). The fallacy of his argument is reflected in his attempt to equate "knowledge and belief" with "understanding and belief." The latter might well support a standard in which the subjective understanding of an applicant for an insurance policy will prove conclusive. The language before us, however, refers to *knowledge* as well as belief. What an applicant knows can be determined, and the conclusions that knowledge compels can be assessed.

Judge Bork and I believe the use of the twin qualifiers requires that knowledge not defy belief. In our view, the test to be applied in this case is clear. What the applicant in fact believed to be true is the determining factor in judging the truth or falsity of his answer, but *only* so far as that belief is not clearly contradicted by the factual knowledge on which it is based. In such event, a court may properly find a statement false as a matter of law, however sincerely it may be believed. To conclude otherwise would be to place insurance companies at the mercy of those capable of the most invincible self-deception—persons who having witnessed the Apollo landings, still believe the moon is made of cheese.

On the other hand, the third member of our panel, Senior Judge Wright, believes this test gives undue weight to the word "knowledge" which, he feels, cannot be isolated from the phrase of which it is an integral part. In his view, the phrase "to the best of my knowledge and belief" is merely legal shorthand signifying that the parties have chosen a subjective test for the truthfulness of prior representations. By the same token, he acknowledges that a person's belief may be so unreasonable and out of step with reality that to submit the question to a jury would expose the opposing party to manifest injustice. Judge Wright feels, however, that the facts of this case draw into serious question the actual belief of the appellant at the time of his representation to Aetna. As a consequence, he believes that the limited form of objective review set out in *Dewey v. Clark,* 180 F.2d 766 (D.C.Cir.1950), should control here, and that this case is not the best vehicle for the establishment of a summary judgment doctrine testing the reasonableness of belief. (In *Dewey,* the court found that summary judgment is inappropriate for factual issues "unless the evidence on one or the other hand is too incredible to be accepted by reasonable minds or is without legal probative force even if true...." *Id.* at 772.)

Perhaps Judge Bork and I need not have searched out the element that provides a basis for that limited form of objective

review. Be that as it may, the three of us are in full agreement that the facts of this case justify the grant of summary judgment in Aetna's favor.

Those facts, as confirmed by Mr. Skinner's medical records and the uncontradicted depositional testimony of his doctors, may be summarized as follows: During the year preceding July 30, 1981 (the date on which he signed the insurance enrollment application), Mr. Skinner had sought medical attention on repeated occasions for severe chest pains ("felt like a hot iron") and other problems. Over an eight-day period ending only two weeks before he signed the application, he visited a doctor four times with complaints about persistent pains in his chest, pains in his abdomen, left shoulder and lung, and difficulty in breathing.

The medical records and testimony also reveal a history of alcohol-related problems dating back to the fall of 1976. According to the doctor who began treating him for alcoholism within a month of his enrollment in the Aetna plan, Mr. Skinner acknowledged that his drinking had increased to the point where "he said 2 or 3 times a week—and this was his quote, 'I get smashed.'" (Record excerpts at 151, 152).

■ Appellant states that he did not consider that the chest pains and other complaints represented a "departure from good health" because he attributed them to a hiatal hernia and a bout of pleurisy, both of which he considered to be minor ailments. In explaining his failure to make any reference to his alcohol-related problems, appellant cited medical testimony to the effect that it is characteristic of alcoholics to deny their condition.

Whatever the explanation, and whatever interpretation Mr. Skinner may have chosen to place on the medical facts, he does not deny that he had knowledge of them. Given the inescapable implications of those facts, we arrive at the same conclusion reached by the district court, and essentially for the same reason. We find that Mr. Skinner's statement of belief was in such direct conflict with human experience as to make it false as a matter of law; and as the statement materially affected Aetna's acceptance of the risk, we conclude the district court was correct in holding the policy void under section 35–414.

Accordingly, the court's grant of the motion for summary judgment is

*Affirmed.*