Bryan S. ROSS, Chapter
7 Trustee, Appellant

v.

CONTINENTAL CASUALTY
COMPANY, Appellee.

No. 09–7166.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 22, 2010.

Michael Edward Tucci, Stinson Morrison Hecker LLP, Washington, DC, for Appellant.

Kelly Overman, Richard A. Simpson, Wiley Rein LLP, Washington, DC, for Appellee.

BEFORE: HENDERSON and GRIFFITH, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties pursuant to D.C. Circuit Rule 34(j). It is

**ORDERED** that the judgment from which this appeal has been taken be affirmed.

Bryan S. Ross appeals the district court's grant of summary judgment to Continental Casualty Company on his breach of contract claim. "Summary judg-

ment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law'"; a genuine issue exists "only if 'a reasonable jury could return a verdict for the nonmoving party.'" *Taylor v. Small,* 350 F.3d 1286, 1290 (D.C.Cir. 2003) (quoting Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)) (alteration in original). In 2003, Stanley H. Goldschmidt and the Law Offices of Goldschmidt, P.C. (collectively Goldschmidt) purchased a professional malpractice liability insurance policy from Continental. In the application for insurance Goldschmidt represented that he was unaware of any acts which might form the basis of a malpractice claim against him, notwithstanding that he was then appealing the entry of a default judgment for over $900,000 against his client, Restaurant Equipment & Supply Depot (RES), resulting from his failure to file an answer for RES. RES subsequently filed for bankruptcy and its trustee, Ross, sued Goldschmidt for malpractice arising from the default judgment. Continental refused to cover the claim. Ross settled with Goldschmidt and accepted an assignment of Goldschmidt's rights under the malpractice insurance policy Goldschmidt purchased from Continental. Ross then brought this suit against Continental, alleging that Continental had breached its contract by denying coverage. The district court held that D.C.Code § 31–4314 does not apply and that the clear language of the liability policy precludes coverage for this claim. Ross argues that D.C.Code § 31–4314 does apply, prohibiting Continental from denying coverage, and that the insurance policy calls for a purely subjective inquiry into whether Goldschmidt believed his actions might form the basis of a malpractice claim.

■ First, we conclude the district court correctly rejected a purely subjective inquiry into Goldschmidt's belief at the time he purchased the insurance policy. Instead it applied a two-part subjective/objective analysis that looked at the facts of which Goldschmidt was aware and then determined that a reasonable lawyer would have believed those facts could form the basis of a malpractice claim. *See Skinner v. Aetna Life & Cas.,* 804 F.2d 148, 151–52 (D.C.Cir.1986) (applying two-part subjective/objective analysis).

■ Second, under D.C.Code § 31–4314 an insurance company can rescind a policy as the result of a false statement in the application for insurance if the statement "materially affected either the acceptance of the risk or the hazard assumed by the company." Both falsity and materiality under section 31–4314 may be found as a matter of law. *Prudential Ins. Co. of Am. v. Saxe,* 134 F.2d 16, 25 (D.C.Cir.1943). Under the proper two-part analysis, Goldschmidt's representation was false as a matter of law. That Goldschmidt's negligence led to the entry of a default judgment of over $900,000 against his client plainly "materially affected either the acceptance of the risk or the hazard assumed by" Continental when it issued Goldschmidt the malpractice liability insurance policy. Even if D.C.Code § 31–4314 applies, therefore, the plain language of that provision permits Continental to deny coverage on Ross's malpractice claim against Goldschmidt.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.